1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | JENNIFER OLSON,

11 |                             Plaintiff,

12 |                 v.

13 | GORDON, AYLWORTH & TAMI, P.C., et al.,

14 |

15 |                             Defendants.

CASE NO. C15-1261JLR

ORDER TO SHOW CAUSE

16         On August 11, 2015, Plaintiff Jennifer Olson filed a putative class action

17 complaint alleging Defendant Gordon, Aylworth & Tami, P.C. ("Gordon")[1] engaged in

18 "unfair and unconscionable means to collect a debt" in violation of the Fair Debt

19 Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Compl. (Dkt. # 1).)  On

20 April 28, 2016, Plaintiff filed a notice of settlement.  (Notice (Dkt. # 21).)  The notice

21

22 _____

[1] In addition to Gordon, Plaintiff also sued "John Does 1-25."  (Compl. ¶ 10.)  Plaintiff
has neither identified nor served any of these "Doe" defendants.  (*See generally* Dkt.)

ORDER- 1

states that Ms. Olson and Gordon "have settled upon terms that fully resolve all claims in this litigation and wish to inform the [c]ourt thereof." (*Id.* at 1.) As discussed below, the parties' notice informing the court of their settlement is insufficient for purposes of resolving this putative class action. Accordingly, having considered Ms. Olson's notice of settlement, the appropriate portions of the record, and the relevant law, the court ORDERS the parties to show cause why the court should approve their settlement.

Federal Rule of Civil Procedure 23(e) states that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The Ninth Circuit extended this requirement to settlements made before a class has been certified. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Although there has been some uncertainty whether this holding applies in the wake of the 2003 amendments to Rule 23(e),[2] courts in this district continue to follow *Diaz* or apply some form of judicial inquiry to evaluate proposed settlements of class claims prior to certification. *See, e.g.*, *Richards v. Safeway Inc.*, No. 13-CV-04317-JD, 2015 WL 163393, at *2 (N.D. Cal. Jan. 12, 2015) ("The Court finds that [the *Diaz*] approach is consistent with Rule 23(e) as it exists today."); *Lyons*, 2012 WL 5940846, at *1 (reasoning that although court approval extends to pre-certification settlements, the court's inquiry into settlement or dismissal differs before certification because the risk of prejudice to absent class members is lower); *Lewis v. Vision Value, LLC*, No. 1:11-cv-01055-LJO-BAM, 2012 WL 2930867, at *3 (E.D. Cal.

---

[2] *See, e.g.*, *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2012 WL 5940846, at *1, n.1 (N.D. Cal. Nov. 27, 2012) (citing cases).

ORDER- 2

July 18, 2012) (reasoning that although Rule 23(e) does not apply to pre-certification voluntary dismissal, the court may inquire into possible collusion or prejudice to class members, and "does so in an abundance of caution").

Although some judicial inquiry into the parties' settlement is required before class certification, the type of inquiry differs from that which the court applies after certification because the risk to absent class members is significantly lower before certification. *See Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408); *see also Richards*, 2015 WL 163393, at *2 (applying *Diaz* to a pre-certification proposed settlement because it "strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals and not sacrificed for convenience when named representatives decide to settle their claims individually"). To determine whether pre-certification settlement is appropriate, the court must consider possible prejudice from "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, [and] (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Lyons*, 2012 WL 5940846, at *1 (quoting *Diaz*, 876 F.2d at 1408); *see also Cintas Corp.*, 2009 WL 921627, at *1 (applying *Diaz* factors). "The central purpose of the pre-certification inquiry is to 'determine whether the proposed settlement and dismissal are tainted by

1   collusion or will prejudice absent putative members.'" *Lyons*, 2012 WL 5940846, at *1

2   (quoting *Mahan*, 2010 WL 4916417, at *3).

3          The parties have not addressed whether their settlement satisfies the *Diaz* factors.

4   (*See* Notice.)  The court therefore ORDERS the parties to submit additional briefing,

5   either jointly or separately, that addresses the application of *Diaz* and the foregoing

6   factors to their proposed settlement within fourteen (14) days of the date of this order.  In

7   the meantime, the court DIRECTS the Clerk to STRIKE the pending motion for class

8   certification (Dkt. # 14) from its calendar.

9          Dated this 28th day of April, 2016.

10

11

12                                          _____

13                                          JAMES L. ROBART
                                            United States District Judge

14

15

16

17

18

19

20

21

22

ORDER- 4