THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

| | |
|---|---|
| JENNIFER OLSON (AKA JENNIFER MILLER), on behalf of herself and all others similarly stated,<br><br>Plaintiff,<br><br>v.<br><br>GORDON, AYLWORTH & TAMI, P.C. and JOHN DOES 1-25,<br><br>Defendants. | Civil Action No. 2:15-cv-01261-JLR<br><br>**JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION** |

## I. INTRODUCTION

On April 27, 2016, plaintiff Jennifer Olson ("Plaintiff" or "Ms. Olson") filed a Written Notice of Settlement in this matter. Doc. No. 21. The parties are currently finalizing the terms of the Settlement Agreement, which has not yet been executed. The parties have agreed that as part of the Settlement Agreement, Ms. Olson will seek an Order: (1) dismissing her individual claims against Gordon, Aylworth & Tami, P.C., ("GAT") with prejudice and without costs; and (2) dismissing her putative class claims against GAT without prejudice and without notice to the potential class members.

After Ms. Olson notified the Court that the parties had agreed to settle this matter, the Court entered an Order to Show Cause on April 28, 2016, ordering the parties to submit briefing to address the *Diaz* factors as they apply to the dismissal of the class claims. Doc. No. 22. As

JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION - Page 1
2:15-cv-01261-JLR

Submitted by:
KEATING JONES HUGHES P.C.
One Southwest Columbia, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

Doc No. 851666

directed by the Show Cause Order, the parties submit this Joint Statement.

The parties request the Court dismiss Ms. Olson's individual claims with prejudice and dismiss the class claims without prejudice and without notice. The proposed class has not been certified, the Settlement Agreement does not affect the rights or remedies of any absent class member, and no absent class member will be bound by or prejudiced by the dismissal of the class claims. Therefore, the Court should dismiss the class claims without notice.

**II.     PROCEDURAL HISTORY**

On August 11, 2015, Ms. Olson initiated this action when she filed a class-action Complaint on behalf of herself and all other similarly-situated individuals claiming that GAT violated the FDCPA when it sent her a letter with an allegedly faulty verification notice. Doc. No. 1. GAT's Answer denies any FDCPA violation occurred. Doc. No. 9.

Ms. Olson moved for class certification on February 15, 2016. Doc. No. 14. GAT filed an Objection to Plaintiff's Motion for Class Certification on March 7, 2016. Doc. No. 15. Ms. Olson filed her Reply to Defendant's Objection to Plaintiff's Motion for Class Certification on March 25, 2016. Doc. No. 20. The parties also engaged in settlement negotiations and reached an agreement on the material terms of a settlement of Ms. Olson's individual claims.

The Settlement Agreement between the Ms. Olson and GAT is confidential. The parties will provide a copy of it to the Court for *in camera* review if the Court so requests.

**III.    ARGUMENT**

The parties request that the Court dismiss the claims of Ms. Olson, the only named plaintiff to this action, with prejudice pursuant to the parties' agreement, and dismiss the class claims without prejudice and without notice. The settlement reached encompasses all of Ms. Olson's claims against GAT and does not resolve or bar claims by any absent class member.

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]the claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." In 1989, the Ninth Circuit construed the then-current language of Rule 23(e), which

JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION - Page 2
2:15-cv-01261-JLR

Doc No. 851666

Submitted by:
**KEATING JONES HUGHES P.C.**
One Southwest Columbia, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

required that "notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). The Rule did not require notice of pre-certification dismissal in all circumstances. *Id.* The *Diaz* court held the then-current language of the Rule imposed a duty on Courts to inquire into pre-certification dismissals and settlements in putative class actions. *Id.* The *Diaz* court further found the Rule imposed lower requirements before a class was certified, because "the dismissal is not *res judicata* against the absent class members, and the court does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class." *Id.*

Rule 23(e) was amended in 2003 to clarify that its requirements apply only to certified class actions:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be--and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Fed. R. Civ. P. 23 advisory committee's note. Although the 2003 Rule Amendment superseded *Diaz*, district courts in this Circuit apply the *Diaz* factors in cases where the court determines pre-certification settlement review is warranted. *E.g. Richards v. Safeway Inc.*, No. 13-CV-04317-JD, 2015 WL 163393, at *2 (N.D. Cal. Jan. 12, 2015); *Lyons v. Bank of America,* No. C 11-1232 CW, 2012 WL 5940846, at *1 (N.D. Cal. Nov. 27, 2012).

The Court should approve this settlement because all *Diaz* factors are satisfied. In *Diaz,* the Ninth Circuit stated that pre-certification approval was required "to ensure that [a settlement] is not collusive or prejudicial." *Diaz*, 876 F.2d at 1408. When reviewing a pre-certification dismissal, the Ninth Circuit instructed:

\ \

\ \

**JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION -** Page 3
2:15-cv-01261-JLR

Doc No. 851666

**Submitted by:**
**KEATING JONES HUGHES P.C.**
One Southwest Columbia, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id.* All three *Diaz* factors favor dismissal without prejudice and without notice in this case.

### 1. Absent class members have not likely relied on this action.

Plaintiff's counsel asserts it is unlikely there are absent class members that are aware of and have relied on Plaintiff's action in this Court. Applying the *Diaz* factors to a non-class settlement in a case that initially began as a putative class action, the Court in *Houston v. Cintas Corp.*, No. C 05-3145JSW, 2009 WL 921627 (N.D. Cal. Apr. 3, 2009), approved the settlement and dismissal without notice to putative class members. In *Houston*, the Court noted that "although there has been some publicity regarding this case and articles in which some of the Plaintiffs were mentioned by name, it has been minimal." *Id.* at *2. Reliance is even less likely here, where there is no known publicity of this case. Plaintiff's counsel is not aware of any publicity or media attention for this case beyond standard case summaries reported by professional legal news sources that are not likely read by lay consumers. Decl. Ari Marcus ¶¶ 4, 7; Decl. Ryan Pesicka ¶¶ 4, 7; *see also* Decl. Peter Eidenberg ¶ 6. After filing this suit, Plaintiff's counsel was not contacted by any potential class members seeking to be part of the suit or otherwise to inquire as to it status. Marcus Decl. ¶ 5, Pesicka Decl. ¶ 5. Accordingly, plaintiff's counsel believes it is highly unlikely that any absent class member has opted to rely on this case rather than pursue an action of his or her own. Marcus Decl. ¶ 6; Pesicka Decl. ¶ 6.

On May 10, 2016, counsel for GAT received a voicemail message from an individual ("Individual Doe") inquiring about this case and about potentially joining in the class. Eidenberg Decl. ¶ 2. Mr. Eidenberg asked GAT to provide a copy of the initial letter, if any, GAT sent Individual Doe. *Id.* ¶ 4. GAT located the initial letter it sent Individual Doe, which is dated December 10, 2013. Decl. Matthew R. Aylworth ¶ 5, Ex. A. GAT further identified Individual Doe as a defendant in a debt-collection lawsuit GAT filed on behalf of one of its clients. *Id.* ¶ 6.

JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL
SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION -
Page 4
2:15-cv-01261-JLR

Doc No. 851666

Submitted by:
KEATING JONES HUGHES P.C.
One Southwest Columbia, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

On May 12, 2016, GAT's attorney informed plaintiff's attorney Ari Marcus about the voicemail message. Eidenberg Decl. ¶ 5. Individual Doe is not an absent member of this class because the language of the initial letter sent to her excludes her from class, and because the letter was sent outside the statute-of-limitations. *Id.* ¶ 6.

The standard set forth in *Diaz* and its progeny does not require the parties to establish that *no* individual is aware of this case, but only that it is unlikely that reliance is widespread. *See Houston*, 2009 WL 921627 at *2 (approving dismissal without notice despite some publicity and the fact that seven other individuals with similar claims had spoken with plaintiff's counsel prior to the order of dismissal); *see also Richards*, 2015 WL 163393 at *1–2 (approving settlement without notice where "the case has mostly been reported in the legal media."). Here, only one individual is known to have seen this case with a thought toward joining it, and that individual is not eligible for class membership. *See* Aylworth Decl. ¶ 5, Ex. A; *see also* Eidenberg Decl. ¶ 5.

**2. There is time for absent class members to file other actions.**

There is no danger that absent class members will be prejudiced by a rapidly approaching statute of limitations here. The filing of a federal class action tolls the applicable statute of limitations for members of the putative class. *Am. Pipe & Const. Co. v. Utah,* 414 U.S. 538, 553–54, 94 S. Ct. 756, 766, 38 L. Ed. 2d 713 (1974); *see Diaz*, 876 F.2d at 1407 (stating that *American Pipe* eliminated one concern relating to potential prejudice from a pending statute-of-limitations deadline and caused courts to move away from requiring notice for all pre-certification dismissals). The statutes of limitations will resume running when Plaintiff's class claims are dismissed. *See Charon v. Fumero Soto,* 462 U.S. 650, 661–62, 103 S. Ct. 2611, 2619, 77 L. Ed. 2d 74 (1983) (whether tolling resulting from the filing of a class complaint has the effect of suspending or renewing the limitations period depends on the underlying statute of limitations); *Tosti v. City of Los Angeles,* 754 F.2d 1485, 1488 (9th Cir. 1985) (statute of limitations resumed running on plaintiff's Section 1983 claims after class certification denied).

Where potential class members face different statute-of-limitations deadlines, courts in

JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL
SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION -
Page 5
2:15-cv-01261-JLR

Doc No. 851666

Submitted by:
KEATING JONES HUGHES P.C.
One Southwest Columbia, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

this Circuit have evaluated this factor by assessing the time remaining on the original named Plaintiff's claim after tolling. In *Singer,* the court determined that notice to absent class members was not necessary where putative class claims brought pursuant to, *inter alia*, the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq.*, were subject to a one-year statute of limitations that was tolled during the pendency of the putative class action. *Singer v. Am. Airlines Fed. Credit Union*, No. C 05-04961 JCS, 2006 WL 3093759, at *3 (N.D. Cal. Oct. 30, 2006). Like the FDCPA, the EFTA is a consumer-protection statute. *Compare* 15 U.S.C. § 1693(b) *with* 15 U.S.C. § 1692(e). The *Singer* court explained: "Based on the tolling of the statute of limitations as to the class which occurred by virtue of the filing of plaintiff's complaint, there is ample time for absent class members to commence a new action should they determine that such a case had merit." *Id.* at *4.

As with the EFTA claims before the court in *Singer*, FDCPA claims must be brought within one year from the date of the alleged violation. Ms. Olson filed her complaint less than one month following the date of the letter GAT sent her, *see* Pl.'s Compl. Exhibit A, and the limitations period has been tolled since the Complaint was filed. *American Pipe*, 414 U.S. at, 553–54. Thus, as in *Singer,* there is ample time for class members to commence an action.

**3.     Plaintiff has not conceded any class interests.**

Finally, the dismissal of the putative class claims without prejudice will not affect the rights of putative class member such that notice is necessary. Applying the *Diaz* factors to a non-class settlement in a case that initially began as a putative class action, the *Houston* court approved the settlement and dismissal without notice, stating, "the parties do not seek to dismiss the class claims with prejudice, and, therefore, they are not impacting the rights of potential class members." 2009 WL 921627 at *2. Similarly, the class claims in this case are not being dismissed with prejudice. Indeed, there has been absolutely no "settlement or concession" of class interests in resolving this action on an individual basis. As in *Houston,* no notice should be required here because no concessions of the class members' interests have been made.

JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL
SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION -
Page 6
2:15-cv-01261-JLR

Submitted by:
KEATING JONES HUGHES P.C.
One Southwest Columbia, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

Doc No. 851666

## IV. CONCLUSION

The parties request that the Court approve the individual settlement reached in this action and dismiss the case with prejudice as to named plaintiff Jennifer Olson and without prejudice or notice to all absent members of the putative class.

DATED this 12th day of May, 2016.

Submitted by KEATING JONES HUGHES, P.C., Of Attorneys for Defendant Gordon, Aylworth & Tami, P.C.:

s/ Peter Eidenberg
Peter Eidenberg, WSBA No. 40923
KEATING JONES HUGHES, P.C.
One SW Columbia St., Suite 800
Portland, OR 97258-2095
Phone: (503) 222-9955
Fax: (503) 796-0699
peidenberg@keatingjones.com

Joined by MARCUS & ZELMAN, LLC, Of Attorneys for Plaintiff Jennifer Olson:

s/ Ari H. Marcus
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, NJ 07712
Phone: (732) 695-3282
Fax: (732) 298-6256
Ari@MarcusZelman.com

Joined by CONCORD LAW, P.C., Of Attorneys for Plaintiff Jennifer Olson:

s/ Ryan M. Pesicka
Ryan M. Pesicka, WSBA No. 48182
CONCORD LAW, P.C.
6608 216th St. SW Ste. 107A
Mountlake Terrace, WA 98043
Phone: (206) 512-8029
Fax: (206) 512-8914
ryan@concordlawseattle.com

**JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION -** Page 7
2:15-cv-01261-JLR

Doc No. 851666

**Submitted by:**
**KEATING JONES HUGHES P.C.**
One Southwest Columbia, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2016 I electronically filed **JOINT STATEMENT SUPPORTING APPROVAL OF INDIVIDUAL SETTLEMENT AND DISMISSAL WITHOUT CLASS NOTIFICATION** with the United States District Court for the Western District of Washington at Seattle by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Ryan M. Pesicka
Concord Law, P.C.
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Phone: (206) 512-8029
Fax: (206) 512-8914
Of Attorneys for Plaintiff Jennifer Olson

Ari Marcus
Marcus Zelman, LLC
1500 Allaire Avenue, Suite 101
Ocean, NJ 07712
Phone: (732) 695-3282
Fax: (732) 298-6256
Of Attorneys for Plaintiff Jennifer Olson

DATED this 12th day of May, 2016.

s/ Peter Eidenberg
Peter Eidenberg, WSBA No. 40923
KEATING JONES HUGHES, P.C.
One SW Columbia St., Suite 800
Portland, OR 97258-2095
Phone: (503) 222-9955
Fax: (503) 796-0699
peidenberg@keatingjones.com, FAX 503-796-0699
Of Attorneys for Defendant Gordon, Aylworth & Tami, P.C.

**CERTIFICATE OF SERVICE -** Page 8
2:15-cv-01261-JLR
Doc No. 769735

KEATING JONES HUGHES P.C.
One Southwest Columbia, Suite 800
Portland, Oregon 97258-2095
(503) 222-9955